# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1169**
**CA 15-00659**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE ESTATE OF PETER L. PETTI,
DECEASED.
------------------------------------------------      MEMORANDUM AND ORDER
NICHOLAS PETTI, PETITIONER-APPELLANT;

PHILIP D. PETTI, SR., RESPONDENT-RESPONDENT.

---

LAW OFFICE OF THOMAS R. MCCARTHY, LIVERPOOL (G. WINSTON DELONG OF
COUNSEL), FOR PETITIONER-APPELLANT.

PHILIP D. PETTI, SR., RESPONDENT-RESPONDENT PRO SE.

---

Appeal from an order of the Surrogate's Court, Ontario County
(Frederick G. Reed, S.), entered June 30, 2014. The order granted
respondent's motion to dismiss the amended petition for a compulsory
accounting.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
the amended petition is granted, and the matter is remitted to
Surrogate's Court, Ontario County, for further proceedings.

Memorandum: Petitioner commenced this proceeding in Surrogate's
Court seeking to compel an accounting of the estate of Peter L. Petti
(decedent). Petitioner is decedent's son and, pursuant to the terms
of decedent's will that was admitted to probate, any assets to which
decedent would be entitled from the settlement of his father's estate
would be paid directly to petitioner, if he had attained the age of
21. The will otherwise directed petitioner's guardians to use the
assets to establish a trust for the benefit of petitioner, which trust
would run until petitioner reached the age of 21. Decedent died in
1996, when petitioner was six years old, and respondent was named
executor of decedent's estate and a guardian of the person and
property of petitioner. In 2000, the administrator of the estate of
decedent's father issued payments of approximately $17,000 to decedent
representing his share of the estate, and those payments were sent to
respondent as executor of decedent's estate. In 2009, petitioner
signed a release providing that, in consideration of $5,000 received
from respondent and his wife, petitioner released them "from all
actions . . . whatsoever." The release further provided that it was
"more particularly in connection with a certain guardianship of the
person and property of [petitioner] made in . . . Surrogate['] s Court
. . . and the discharge of said Releasee(s) by Releasor for any and
all accounting of all funds received by said Releasee(s) during said

guardianship which were previously given or spent on [petitioner] . . . for his care and custody through his years of minority while residing with Releasee(s)."

We conclude that the Surrogate abused his discretion in granting respondent's motion to dismiss the amended petition (*see* SCPA 2205 [1]; *cf. Matter of Sangiamo*, 116 AD2d 654, 654; *Matter of Taber*, 96 AD2d 890, 890; *see generally Matter of Mastroianni*, 105 AD3d 1136, 1138). The release applies only to respondent and his wife in their roles as guardians, and does not foreclose petitioner from maintaining an action against respondent in his role as executor of decedent's estate.